## John Woods v. Thomas Love and others.

*Mortgages : Foreclosure : Parties.* A mortgagee who files a bill of foreclosure is not bound to bring in parties interested in the equity of redemption, unless where he has actual or constructive notice of their claims, and where he has no such notice, they are barred by the foreclosure.

*Execution sale : Sheriff's certificate : Notice : Prior mortgagee.* A sheriff's certificate of an execution sale is not constructive notice to prior mortgagees, though regularly filed in the register's office; and an execution purchaser cannot, by reason of the filing of such certificate, be authorized to attack a foreclosure in chancery to which he was not made a defendant.

*Submitted on briefs May 15.    Decided May 16.*

Error to Berrien Circuit.

*Edward Bacon,* for plaintiff in error.

No counsel appeared for defendants in error.

CAMPBELL, J.

The plaintiff, who holds a deed under an execution sale, brought ejectment against parties holding under a mortgage sale, and judgment was rendered against him.

The mortgage was made in 1856. A bill to foreclose it was filed August 7th, 1860, in the circuit court of the United States for the district of Michigan, and a sale was made under a decree, and a deed was made April 12th, 1861.

Plaintiff claims by an execution sale under a levy made November 22d, 1859, the premises being sold January 14th, 1860, the certificate filed January 24th, 1860, and the sheriff's deed executed April 18th, 1861.

It will be seen that the entire proceedings in foreclosure took place between the execution sale and the expiration of the time when the sheriff could convey.

Plaintiff claims that he is not bound by the foreclosure proceedings, because he was not made a party defendant, and that he is entitled to possession.

As this case was presented by plaintiff in error, *ex parte,* we do not deem it proper to discuss any questions not essential to dispose of the present writ of error.

While, in order to make a complete foreclosure, a mortgagee should bring in subsequent encumbrancers, yet it has not been held that he can be charged with constructive notice, except where such is the clear effect of the registry laws. A party having a priority, of which subsequent purchasers are required to take notice, is not usually concerned with their dealings, and for some purposes is not even bound to consult the records.—*James v. Brown, 11 Mich. R., 25; Cooper v. Bigly, 13 Mich., 463.* And in foreclosure proceedings he is not bound to respect them without actual notice, or valid registry. A paper or entry in the

register's office is no notice to him unless made so by law. —*Galpin v. Abbott, 6 Mich., 17.* His priority of right can only be affected by a subsequent one clearly protected against his disregard of it.

We have had occasion heretofore, in *Columbia Bank v. Jacobs, 10 Mich. R., 349; Millar v. Babcock, 25 Mich. R., 137; and Campau v. Barnard, 25 Mich. R., 381,* to call attention to the position of execution purchasers as against other persons protected by the registry laws. We have found no statute then in force which makes a certificate on a sheriff's sale notice to affect such a mortgagee at the time of this foreclosure. The finding does not show whether or not any notice of the levy was filed, so that the effect of such a notice is not before us. There was nothing, then, which the complainant in the foreclosure suit could have been legally compelled to act upon, in regard to the execution proceedings, and he was not bound to make the purchaser a party, and the foreclosure was, for any thing appearing in this record, a complete bar to all persons interested in the equity of redemption. The burden of proof was on the plaintiff, and he has shown nothing to invalidate it.

The other important questions suggested by the assignments of error are all rendered immaterial by this fatal defect in the finding, and we need not consider them.

In the absence of any bill of exceptions we have no means of knowing whether the special findings asked for, and some of which are claimed to have been omitted by the judge, were properly requested. Under the facts found they could not have affected the result in any way.

The judgment must be affirmed, with costs.

GRAVES and COOLEY, JJ., concurred.

CHRISTIANCY, CH. J., did not sit in this case.