Filed May 11, 1888.

No. 13,110.

## BOICE v. THE MICHIGAN MUTUAL LIFE INSURANCE COMPANY.

MORTGAGE.—*Foreclosure.*—*Parties.*—*Subsequent Purchasers.*—*Deeds Recorded Pendente Lite.* — *Notice.* — *Judgment Binding Upon Strangers to Record.*— March 6th, 1882, B. purchased part of mortgaged real estate, the mort-gage being of record. April 11th, 1882, foreclosure proceedings were begun. October 17th, 1882, B.'s deed was recorded, and on the 1st day of December following, a decree foreclosing the mortgage was entered. The mortgagor was in possession of the entire property. The mortgagee had no notice of B.'s title until after the decree was entered, and B. was not made a party to the foreclosure proceedings.

*Held*, that B. is bound by the decree to the same extent as if a party to the proceedings.

*Held*, also, that the mortgagee was not affected with notice of a deed re-corded *pendente lite.*

*Held,* also, that B., having recorded the deed after the time limited by statute and while the foreclosure suit was pending, was, to all intents and purposes, a purchaser *pendente lite.*

From the Cass Circuit Court.

*G. E. Ross,* for appellant.
*D. B. McConnell* and *S. T. McConnell,* for appellee.

MITCHELL, C. J.—The facts in the present case appear to be that, on the 11th day of April, 1882, the insurance company above named commenced a proceeding in the Cass Circuit Court to foreclose a mortgage executed to it by Dennis H. Palmer and wife on the 22d day of December, 1874. This mortgage had been duly recorded. The mortgagors, and all others who appeared by the records to have any interest in the real estate mortgaged, at the time the suit was commenced, were made parties defendant.

A decree of foreclosure was entered on the 1st day of December, 1882, to which was added an order appointing a receiver, who was directed to take possession of the property and collect the rents, pending the statutory period for redemption.

It appeared that, on the 6th day of March, 1882, thirty-five days before the commencement of the foreclosure suit, Mrs. Mary J. Boice acquired title by deed from a grantee of the mortgagors to a part of the mortgaged premises. She was a purchaser in good faith and without actual notice of the insurance company's mortgage. The deed to Mrs. Boice was not recorded until the 17th day of October, 1882. The mortgagor remained in actual possession of the mortgaged premises, paying rent for that part which had been conveyed to Mrs. Boice. The insurance company had no notice of her claim or title until after the decree of foreclosure was entered and the order appointing the receiver made. Mrs. Boice refused to admit the receiver into the possession of so much of the mortgaged premises as had been conveyed to

her, whereupon the latter, in a verified application, informed the court of the claim made by Mrs. Boice, and of his inability to obtain possession, and prayed the intervention of the court.

An order was made requiring her to appear and show cause, at a time fixed, why she should not be bound by the decree. Such proceedings were thereafter had as that an order was made, upon a special finding·of facts by the court, to the effect that the decree was binding on Mrs. Boice in all respects, except as to the appointment of a receiver. The present appeal is from the order thus made.

Various questions are discussed, but the conclusion to be arrived at in the case depends, ultimately, upon the effect to be attributed to the foreclosure decree, in the first instance.

As has been seen, the appellant acquired her title before the insurance company commenced its foreclosure proceedings. Her deed was not of record when the suit to foreclose was commenced, nor until about six months thereafter. Before the decree was entered the deed was recorded, but the mortgagor remained in actual possession, and the mortgagee had no notice of the deed, nor of the appellant's claim, until after the foreclosure was accomplished and the decree rendered. Was the mortgagee bound to foreclose its mortgage over, as to the appellant, or was the latter bound by the decree, although not named as a party in the proceedings and judgment?

Reason and authority support the conclusion that the appellant was bound by the decree, to the same extent as she would have been had she been made a party to the proceedings. While it is quite true that a mortgagee may not cut off, or in anywise affect, the rights of subsequent purchasers or encumbrancers by any proceeding to which the latter are not made parties, yet, within the registry acts, it must be held that as to a mortgagee, whose mortgage is duly recorded, and who has no actual notice at the time he commences proceedings to foreclose his mortgage, only such persons are entitled

to occupy the relation of subsequent purchasers or encumbrancers as have complied with the statutes regulating the recording of conveyances and mortgages.

Subsequent purchasers are bound to take notice of the rights of all prior mortgagees whose mortgages are duly recorded, and they are, therefore, compelled to know that in foreclosure proceedings the prior mortgagee " is not bound to respect them, without actual notice or valid registry." *Woods* v. *Love*, 27 Mich. 308.

The record of a subsequent mortgage or deed is not notice to a prior mortgagee except for certain purposes. *Deuster* v. *McCamus*, 14 Wis. 307.

If the purchaser has neglected to record his deed, and the mortgagee receives no actual notice of his ownership, before the rendition of the decree, the foreclosure may safely proceed against those who, according to the records, appear to have an interest in the lands. Wiltsie Mortg. Foreclosures, p. 90; *Kipp* v. *Brandt*, 49 How. Pr. 358; *Webb* v. *Maxan*, 11 Texas, 678. Registry laws are for the protection of those who comply with them.

Section 2926, R. S. 1881, declares, in effect, that no conveyance of any real estate, and no lease for more than three years, shall be valid against any other person than the grantor, his heirs and devisees, and persons having notice thereof, unless it is made by a deed recorded within the time provided. Section 2931 provides that conveyances and mortgages of lands shall be recorded within forty-five days from the execution thereof.

The effect of these statutes is such, that an omission to give notice, either actual or according to the recording acts, of an interest in land acquired by deed or mortgage subsequent to that of a mortgagee, whose mortgage is duly recorded, subjects such interest to foreclosure, in the absence of the grantee or mortgagee, in the same manner as if the owner thereof had been made a party. *Leonard* v. *New York Bay Co.*, 28 N. J. Eq. 192; *Aldrich* v. *Stephens*, 49

Cal. 676; 2 Jones Mortg., section 1412; Hawes Parties to Actions, 7.

That the deed was recorded after the time prescribed therefor in the statute, and before the decree was rendered, did not affect the mortgagee with notice. It was not bound to take notice of what occurred, nor was it affected with notice of a conveyance recorded, *pendente lite;* while, on the other hand, the appellant, having recorded her deed after the time therefor had expired, and while the foreclosure suit was pending, was, to all intents and purposes, a purchaser *pendente lite.* *Edwards* v. *Dykeman,* 95 Ind. 509.

To hold otherwise would render it practically impossible to foreclose a mortgage effectually in one proceeding. There was no error.

Judgment affirmed, with costs.

Filed March 9, 1888; petition for a rehearing overruled May 18, 1888.