Butler *v.* Thornburgh.

---

BUTLER *v.* THORNBURGH ET AL.

[No. 18,708. Filed November 28, 1899.]

MORTGAGES.— *Foreclosure.*— *Redemption.*—A purchase-money mortgage in which the wife did not join was foreclosed, and the wife appealed. Pending the appeal the real estate was purchased by the mortgagee at sheriff's sale under the foreclosure decree. The judgment was reversed as to the wife, and the mortgagee recovered another judgment of foreclosure against the parties, and the real estate was ordered to be sold, from which judgment the wife again appealed, but the judgment was affirmed, and the wife brought suit to redeem her interest in the real estate. *Held,* that, since the judgment under which the sale was had was reversed, and no sale having been made under the subsequent decree, her equitable right to redeem still existed.

From the Henry Circuit Court. *Reversed.*

*M. E. Forkner,* for appellant.

*W. A. Brown,* for appellees.

JORDAN, J.—Appellant commenced this action in the lower court to secure an accounting in respect to rents and

Butler *v.* Thornburgh.

profits arising out of certain described real estate, and to redeem her alleged interest in the realty in question from the lien of a purchase-money mortgage.

Appellees successfully demurred to the complaint, and judgment was rendered upon demurrer; and the only error presented relates to the sufficiency of the complaint upon demurrer.

The facts appear to be as follows: Rollin T. Butler, and appellant Martha Butler, were in 1881, and still are, husband and wife. In September of that year the husband, Rollin T., purchased and became the owner of the land described in the complaint, situated in Henry county, Indiana. In order to pay the purchase money thereof, said Rollin T. borrowed of one Milton Thornburgh about $8,000, and, to secure payment thereof, he mortgaged the land which he had purchased. Appellant did not join her husband in the execution of this mortgage. Thornburgh, upon the maturity of the mortgage debt, commenced an action in the Henry Circuit Court against this appellant and her said husband to foreclose the mortgage, and recover a personal judgment against the husband for the sum of $5,000, and obtained a decree against both for the foreclosure of the mortgage. It is further disclosed by the complaint that appellant appealed from said judgment to the Supreme Court of Indiana, and that such proceedings were had therein that the judgment below was by this court in all things reversed as to her. (*Butler* v. *Thornburgh*, 131 Ind. 237.) After the appeal in question, and during its pendency, Thornburgh caused the land to be sold, under the decree, at sheriff's sale, and he became the purchaser thereof for the full amount of his judgment. After the expiration of one year from the date of said sale, but before the appeal to this court had been determined, he took possession of the land so purchased by him, and some time thereafter died. By his last will and testament, he devised the land in controversy to appellees. Thornburgh, after taking possession of the land, continued

in possession thereof until his death, and appellees, as his heirs and devisees, have continued since his death to hold the possession thereof. After the reversal of the judgment in the appeal mentioned, and after the cause had been remanded to the lower court, the executor of Thornburgh was substituted as plaintiff in said action, and he filed therein an amended complaint. Such proceedings were had in the action thereafter that the said executor, without regard to the former judgment and proceedings, recovered a judgment against the defendant, Rollin T. Butler, for the full amount of said mortgage indebtedness, including attorney's fees, and interest up to the rendition of the judgment, and also a foreclosure of the mortgage against the appellant, and the said land was ordered to be sold by the sheriff.

From this latter judgment appellant again appealed to this court, where the judgment was in all things affirmed. (*Butler* v. *Thornburgh*, 141 Ind. 152.) The land has not been sold under this last judgment and decree. Under the distribution of Thornburgh's estate, the land in question has been assigned to and set apart to the appellees herein.

The rental value of the land is alleged to be $1,000 per year. No question as to the rents and profits of said land was raised or determined between the parties in either of the said foreclosure proceedings.

Upon these facts appellant demanded that an accounting be had of the amount due on said mortgage, and also of the amount due in respect to the rents and profits of said land which accrued during the period of five years that appellees and their said ancestor held possession thereof, and that the same be deducted from the amount due on the mortgage, and that the remainder due upon the mortgage indebtedness be determined, and that she be permitted to redeem her one-third interest in said land from said mortgage by paying one-third of the amount still due thereon; and she further prayed that, in the event she be not permitted so to redeem, she then be allowed to redeem said land from said mortgage

lien by paying said mortgage indebtedness, principal and interest, after the deducting of the rents and profits, and have all other and proper relief; and she offered in her complaint to pay, in redemption of the land, such a sum of money as the court might direct, and within such time as the court might allow.

To an extent, at least, the complaint may be said to be indefinite, but the particular theory outlined by it, under the facts, is that, inasmuch as the original judgment in the foreclosure proceedings was reversed as to appellant on appeal to this court, therefore she is in the same position as she would have occupied had she not been a party to the foreclosure decree, and, as there has been no sale under the subsequent foreclosure judgment rendered against her, her right to redeem from the lien of the purchase-money mortgage has not been barred, but still exists.

The facts, as stated, disclose that appellant did not join her husband in the execution of the mortgage in controversy. Thornburgh, the holder thereof, as it appears, foreclosed it in the original proceedings against both appellant and her husband, and she alone appealed from that judgment to this court, and secured, as to herself a reversal thereof. During the pendency of this appeal, Thornburgh, the plaintiff, purchased the land in dispute at a sheriff's sale, under the foreclosure decree, for the full amount of the mortgage debt, principal, interest, and cost; and after the expiration of one year from such sale, but before the determination of appellant's appeal, he went into possession of the land.

It is evident that appellant is not seeking to avail herself of any statutory right of redemption, but is solely attempting to enforce her equitable right in this respect. The question, therefore, arises, under the facts, as to what was the position occupied by appellant after the reversal of the judgment in the foreclosure proceedings.

Section 681 Burns 1894, §669 R. S. 1881 and Horner 1897, provides as follows: "The reversal of any judgment

by virtue of which any real estate has been sold or trans-
ferred, or the title thereto affirmed, shall not avoid the sale,
transfer, or title, if the person to be affected thereby shall
be, or claim under, a purchaser in good faith, and not a
party to the record or attorney of any party."

As a general rule, the reversal of a judgment, without any
specific instructions or directions by the court, operates to
completely annul it, and such a reversal, in its effect, restores
the parties to the position they occupied before the rendi-
tion of the judgment in the lower court; and the title of one
who has become a purchaser of property under a judgment,
before it is reversed, provided he can not be held to be a
good faith purchaser, will be defeated or destroyed by the
reversal. *Hutchens* v. *Doe*, 3 Ind. 528; *Dunnington* v.
*Elston*, 101 Ind. 373; *Mullin* v. *Atherton*, 61 N. H. 20;
*Crispen* v. *Hannovan*, 86 Mo. 160; *Phelan* v. *Supervisors*,
9 Cal. 15; Elliott's App. Proc. §§580, 582; 2 Freeman on
Judg. §§481, 482; 2 Freeman on Ex., §337.

Thornburgh was plaintiff in the foreclosure action and,
therefore, a party to the record; hence, upon the reversal of
the judgment in that case as to appellant, he was not in a sit-
uation to avail himself of the protection afforded under the
provisions of §681, *supra.* He purchased the mortgaged
premises under the judgment, from which appellant had ap-
pealed, before her appeal was fully determined; conse-
quently whatever title or rights he held, under his judgment,
or acquired by his purchase at the sheriff's sale, were subject
to the effect or operation of a reversal of such judgment in
that appeal.

Under the general doctrine asserted by the authorities
cited, the effect or operation of the reversal of the judgment
in dispute was to destroy or avoid, so far at least as appellant
was concerned, all of the rights and title of Thornburgh
which were based on or dependent upon the judgment va-
cated by the reversal, and operated to leave him and her,

in respect to each other, in the same position as though she had not been a party to such judgment.

It has been repeatedly decided by this court that, where a party entitled to redeem from a mortgage lien is not a party to the decree foreclosing such mortgage, the judgment, so far as he is concerned, is a mere nullity; and the equity of redemption, which he may have in the mortgaged premises, is not affected thereby; and, under such circumstances, in order to redeem, he is only required to pay the mortgage debt with the interest thereon. *McKernan* v. *Neff*, 43 Ind. 503; *Holmes* v. *Bybee*, 34 Ind. 262; *Hasselman* v. *McKernan*, 50 Ind. 441; *Hosford* v. *Johnson*, 74 Ind. 479; *Shirk* v. *Andrews*, 92 Ind. 509; *Curtis* v. *Gooding*, 99 Ind. 45; *Daugherty* v. *Deardorf*, 107 Ind. 527; *Gaskell* v. *Viquesney*, 122 Ind. 244.

Appellant, as the wife of Rollin T. Butler, owned or held in the real estate, as against the purchase-money mortgage (whether she joined in its execution or not, is wholly immaterial), but a mere equity of redemption, and, as it appears that under the circumstances this equity of hers has not been barred by the original decree and sale thereunder, by reason of the reversal in question, and as there has been no sale under the decree subsequently rendered, therefore her equitable right to redeem from the mortgage lien still exists. *Kissel* v. *Eaton*, 64 Ind. 248; *Eiceman* v. *Finch*, 79 Ind. 511; *Baker* v. *McCune*, 82 Ind. 585; *Elston* v. *Piggott*, 94 Ind. 14; *Vaughan* v. *Dowden*, 126 Ind. 406; *McKernan* v. *Neff*, 43 Ind. 503, and authorities there cited. See, also, §1111 Burns 1894.

It appears from the complaint that the appeal to this court, in which the reversal was secured, was by appellant alone and that the judgment below was reversed only as to her; but we may here suggest, outside of the question, however, as here involved, that the proceedings and record in this court in that appeal apparently disclose that appellant and her husband both joined in the assignment of errors

therein and the judgment of reversal was not in any express terms limited alone to her.   Our conclusion is that the facts alleged in the complaint are *prima facie* sufficient to entitle appellant to redeem the land in controversy from the lien of the mortgage in question, upon the payment of the entire mortgage indebtedness, principal and interest, within such time as the court may direct; and this, among other things, appellant in her complaint offers to do.

In respect to appellant's right to demand an accounting of the rents and profits, under the facts as they are alleged in the complaint, we intimate no opinion, but, in regard to this question, see *Gaskell* v. *Viquesney*, 122 Ind. 244, and authorities there cited.

What we do decide is that, under the facts, she is entitled to the equitable right of redemption, and this is the principal relief demanded.   Judgment reversed and cause remanded to the lower court for further proceedings.