WOLFENBERGER ET AL. *v.* HUBBARD.

[No. 22,822.   Filed November 19, 1915.]

1. MORTGAGES.—*Foreclosure.—Parties.—Subsequent Purchasers.— Purchasers Pendente Lite.*—A decree of foreclosure is a nullity as to the owner of the equity of redemption if he is not made a party defendant to the action, but the decree in favor of a mortgagee without actual notice is not affected by failure to bring in as a party to the proceeding a subsequent purchaser or incumbrancer whose deed or mortgage is not of record at the time the foreclosure suit is commenced, and, which, though subsequently recorded, is not recorded within the time provided by the registry statute, since, even though the title or interest is acquired prior to such proceeding, such person by failing to record his deed or mortgage in time stands in the relation of a purchaser *pendente lite*, and is bound by the decree to the same extent as if made a party. p. 27.

2. MORTGAGES.—*Foreclosure.—Sale.—Defective Return.—Title of Purchaser.*—The failure of the sheriff to make a complete or accurate return of sale lawfully made pursuant to a decree of mortgage foreclosure will not vitiate the title of the purchaser under the sale, since the latter can have no control over the officer, and it is not incumbent on him to see that the proper return is made. p. 29.

3. EVIDENCE.—*Presumptions.—Performance of Official Duty.—Sheriff's Sale.*—Where the return of the sheriff is silent as to some matter imposed on him in connection with the sale to which the return relates, it will be presumed that he did his duty, and the admission of parol evidence to confirm the presumption is not error. p. 29.

4. APPEAL.—*Review.—Harmless Error.—Refusal to Modify Decree.*—The overruling of a motion to modify a decree on the ground that it assumed to quiet title to ground not described in the title papers on which plaintiff relied, is not ground for reversal, where the variance was slight and the ruling does not appear from the record to have been harmful. p. 30.

From Hamilton Circuit Court; *Meade Vestal,* Judge.

Action by Walter J. Hubbard against G. Reuben Wolfenberger and others. From a judgment for plaintiff, the defendants appeal. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Shirts & Fertig,* for appellants.
*Clark & Clark,* for appellee.

SPENCER, C. J.—This is an action instituted by appellee against appellants Wolfenberger and others to quiet title to certain real estate situated in Hamilton County. It appears that on January 26, 1904, William C. Rehling, then the owner of said lands, executed a mortgage thereon to one John Fouts. On March 7, 1907, Rehling and wife, Annie, executed a second mortgage describing the same real estate to Arabella Hubbard, mother of appellee. Each of these mortgages was duly recorded. Thereafter Rehling and wife conveyed the mortgaged premises by warranty deed to Shaw and wife, who conveyed in like manner to Carr and wife. On June 12, 1908, the property again passed by warranty deed to Pharaoh H. Hill who, on September 26, 1908, duly conveyed the same to Boyce and wife. These conveyances were successively recorded, the Boyce deed being placed on record on December 31, 1908. Prior thereto, on October 14, 1908, Fouts, the first mortgagee, had filed suit in the Hamilton Circuit Court to foreclose his mortgage and named as parties thereto, William C. Rehling and Pharaoh H. Hill. Annie Rehling and Arabella Hubbard were subsequently made parties defendant and the latter filed a cross-complaint asking for the foreclosure of her mortgage on said property. Summons was duly issued and served on Hill and wife on October 21, 1908, and on Rehling and wife on July 2, 1909. On March 18, 1909, Boyce and wife conveyed the mortgaged premises by warranty deed to one Williams, who reconveyed the property to his grantors. On April 5, 1909, they conveyed to McLaughlin who, on August 21, 1909, deeded the property to Wolfenberger, hereinafter referred to as appellant. All of these conveyances were duly and successively recorded, the last on August 25, 1909.

On October 23, 1909, a decree was entered by the

Hamilton Circuit Court foreclosing the Fouts and Hubbard mortgages and declaring the former to be the prior lien. Neither appellant nor the other grantees from Hill were made parties to the foreclosure proceeding or appeared thereto. On February 5, 1910, the property was sold on foreclosure to Fouts, who assigned his certificate of sale to appellee, and the latter subsequently received a sheriff's deed under which he took possession of the lands in controversy and now holds the same. On the trial of the issues presented by the above facts the court found for appellee and quieted his title to the property described in the complaint. This appeal follows.

Appellants' first contention is based on the general rule that a decree of foreclosure is a nullity as to the owner of the equity of redemption if he 1. is not made a party defendant to the action. *Butler* v. *Thornburgh* (1899), 153 Ind. 530, 535, 55 N. E. 417, and cases cited. This rule is well settled, but its application to the instant case depends on the establishment of appellants' further proposition that a purchaser of mortgaged premises whose deed is not recorded in time must be made a party defendant in a foreclosure proceeding if the deed is later recorded and there is notice of the transfer, actual or constructive, to the mortgagee before all other necessary parties have been brought into court. We are aware that decisions may be found in other jurisdictions which support appellants' position (2 Jones, Mortgages [6th ed.] §1412), but a different rule has been announced in this State. In the case of *Boice* v. *Michigan, etc., Ins. Co.* (1888), 114 Ind. 480, 15 N. E. 825, it appears that Mrs. Boice purchased a part of certain mortgaged premises on March 6, 1882, the mortgage being then of record. On April 11 following, a suit was in-

stituted by the insurance company to foreclose its mortgage. The deed to Mrs. Boice was not recorded until October 17, 1882, and she was never made a party to the proceedings. The decree of foreclosure was entered on December 1, 1882. In holding that Mrs. Boice was bound by the decree to the same extent as though a party to the proceeding, this court said, beginning at page 482: "While it is quite true that a mortgagee may not cut off, or in anywise affect, the rights of subsequent purchasers or encumbrancers by any proceeding to which the latter are not made parties, yet, within the registry acts, it must be held that as to a mortgagee, whose mortgage is duly recorded, and who has no actual notice at the time he commences proceedings to foreclose his mortgage, only such persons are entitled to occupy the relation of subsequent purchasers or encumbrancers as have complied with the statutes regulating the recording of conveyances and mortgages. Subsequent purchasers are bound to take notice of the rights of all prior mortgagees whose mortgages are duly recorded, and they are, therefore, compelled to know that in foreclosure proceedings the prior mortgagee 'is not bound to respect them, without actual notice or valid registry.' *Woods* v. *Love* (1873), 27 Mich. 308." The court then refers to the registry laws in force at the time and concludes: "The effect of such statutes is such, that an omission to give notice, either actual or according to the recording acts, of an interest in land acquired by deed or mortgage subsequent to that of a mortgagee, whose mortgage is duly recorded, subjects such interest to foreclosure, in the absence of the grantee or mortgagee, in the same manner as if the owner thereof had been made a party. * * * That the deed was recorded after the time prescribed therefor in the statute, and be-

fore the decree was rendered, did not affect the mortgagee with notice. It was not bound to take notice of what occurred, nor was it affected with notice of a conveyance recorded *pendente lite;* while on the other hand, the appellant, having recorded her deed after the time therefor had expired, and while the foreclosure suit was pending, was, to all intents and purposes, a purchaser *pendente lite.*" So, in the case at bar, although the deed to Boyce and wife, appellants' remote grantors, was executed prior to the institution of the Fouts foreclosure suit, it was not placed on record until more than two months thereafter and not within the time allowed by the registry statute. Under the rule announced in the decision above quoted, Boyce and wife occupied the position of purchasers *pendente lite,* and they and their grantees were chargeable with notice of the proceeding through which appellee acquired his title.

It is next contended that the trial court erred in admitting parol evidence of the sheriff's sale of the property in question; that the written return of the sheriff was the only competent evidence thereof. The return in this case was incomplete in that it did not affirmatively show the fact of a sale having been made and the sheriff was called to supply the omission by parol. Conceding it to be the duty of the sheriff to make a full and accurate return of the action taken by him, and conceding further, without deciding, that said return is the best evidence of such action, it does not follow that the officer's failure to make a complete or accurate return will vitiate the purchaser's title under a sale lawfully made or prevent the admission of secondary evidence to correct said return. As was decided in *Doe* v. *Health* (1844), 7 Blackf. 154, 156, "A pur-

chaser at sheriff's sale, who pays his money and receives a deed from the sheriff for the land levied on and sold, cannot be prejudiced if the sheriff make an imperfect return, or if he make no return at all." The purchaser has no control over the officer and it is not incumbent on him to see that the proper return is made. *Coan* v. *Elliott* (1885), 101 Ind. 275, 277; *Thurston* v. *Barnes* (1858), 10 Ind. 289, 291. Furthermore, as stated in *Ferrier* v. *Deutchman* (1882), 81 Ind. 390, 392, "it has been repeatedly held by this court that where the return of a sheriff is silent as to some matter imposed upon him in connection with the sale to which the return relates, it will be presumed that the sheriff did his duty, until it is otherwise shown by some appropriate proceeding." The evidence to which objection is urged had no greater effect than to confirm a presumption which already existed and its admission was not error.

Finally, it is insisted that the trial court erred in overruling appellants' motion to modify the decree herein, the ground of such motion being that said decree assumed to quiet appellee's title to 4. ground which was not described in the Fouts mortgage or in the decree foreclosing the same. The variance in the description is very slight and the record contains no showing that appellants were harmed by the court's ruling. Judgment affirmed.

Note.—Reported in 110 N. E. 198. Circumstantial evidence, 62 Am. Dec. 179; 97 Am. St. 771. Mortgagor who has conveyed interest in premises as necessary or proper party to foreclosure, see Ann. Cas. 1913 A 83. Remedy of one improperly omitted as party to foreclosure proceedings, see 4 Ann. Cas. 848. See, also, under (1) 27 Cyc 1795; (2) 27 Cyc 1706; (3) 16 Cyc 1076; (4) 3 Cyc 383, 443.