## GIBSON ET AL. v. SEARCY ET AL.

[No. 23,826. Filed November 24, 1922.]

1. PLEADING.— *Motion to Set Aside Default.— Conclusions of Law.*—The assertion in a motion to set aside a default judgment and to reinstate the cause that the cause was not set down for trial according to law states a conclusion of law, and as to such averment is insufficient. p. 518.

2. EVIDENCE.—*Presumptions.—Performance of Official Duties.— Statutes.*—In an action to enjoin the expenditure of public funds for the maintenance of a consolidated school, it will be presumed that the school officials performed their official duties under §6482 *et seq.* Burns' Supp. 1921, Acts 1917 p. 61, and §6482h *et seq.* Burns' Supp. 1921, Acts 1917 p. 545, providing for the consolidation of township schools with schools of towns in the townships, except so far as the complaint alleges the contrary. p. 519.

3. SCHOOLS AND SCHOOL DISTRICTS.—*Consolidation of Schools.— Election.—Validity.—Irregularities.— Statutes.*— Irregularities occurring in preparing the notice of an election for the consolidation of schools, stating where the ballots would be received, nominating the election officers, recording the vote, and making up the record afterward of what had been done, *held* not to render the consolidation of schools pursuant to the result of the election wholly void, where §6482a *et seq.* Burns'

Supp. 1921, Acts 1917 p. 61, and §6482h *et seq*. Burns' Supp. 1921, Acts 1917 p. 545, providing for the consolidation of township schools with schools of towns in the township, was complied with in all other respects; and, the consolidation of schools not being wholly void, there could be no injunctive relief against the expenditure of public funds for the maintenance of the consolidated school. p. 520.

4. JUDGMENT.—*Default.—Setting Aside.— Motion.— Sufficiency.* —Where default judgment was rendered against plaintiffs in an action to enjoin the expenditure of public funds for the maintenance of a consolidated school because of alleged irregularities in the election at which the consolidation was approved, motion to set aside the default *held* insufficient in not showing that plaintiffs were entitled to recover in the main action if relieved from the default. p. 520.

5. JUDGMENT.—*Default.—Setting Aside.—Overruling Motion.— Discretion of Court.*—Where, in an action to enjoin the continuance of a consolidated school, defendants withdrew their demurrer to the complaint and immediately thereafter filed an answer, whereupon plaintiffs and their attorneys, who lived in another county, were called, but made default, and default judgment was then rendered in favor of defendants, *held* that the trial judge did not abuse his discretion in hearing evidence and disposing of the cause in the absence of plaintiffs and their attorneys, or in refusing to set aside the default and judgment and reinstate the cause, even though facts sufficient, *prima facie*, to constitute a cause of action had been stated in the complaint and motion to set aside the default; such motion failing to show diligence on the part of plaintiffs and their attorneys. p. 522.

6. INJUNCTION.—*Performance of Official Duties.—Right to Enjoin.*—The performance by public officers of official acts apparently necessary to keep schools in operation may not be enjoined by those who have failed to be diligent and vigilant. p. 523.

7. APPEAL.—*Review.—Ruling on Motion to Set Aside Default Judgment.—Scope of Review.*—On appeal from a judgment overruling a motion to set aside a default and judgment, only the language of the verified motion and supporting affidavits can be considered in determining the facts relied on by movants. p. 523.

From Switzerland Circuit Court; *Francis M. Griffith*, Judge.

Action by James H. Gibson and others against Ben-

jamin N. Searcy and others.   From a judgment for defendants, the plaintiffs appeal.   *Affirmed.*

*Claycombe, Givan & Stump* and *George Hall, Jr.,* for appellants.

*Joseph R. Williams* and *Chalmer Schlosser,* for appellees.

EWBANK, J.—Appellants filed a complaint to enjoin the trustee of Posey township, and the members of the school board of the town of Patriot, in Switzerland county, Indiana, from expending the public funds of the school town and school township in maintaining "consolidated schools;" and incidentally to prevent the destruction of certain ballots cast at an election held for the purpose of consolidating the schools of the town and township.   A temporary restraining order forbidding the destruction of the ballots until the further order of the court was issued.   The complaint was filed on the first day of the February term of court, 1920, by attorneys living at Indianapolis.   There is no bill of exceptions, and it does not appear whether local counsel at Vevay was employed, though the verified motion hereinafter mentioned states that an attorney at Vevay sent a notice to the attorneys at Indianapolis, and appellants' brief in this court names another attorney living at Vevay as being of counsel for them.   The complaint was signed only by the Indianapolis attorneys. The record does not show that a rule to answer was ever entered, and nothing is shown as to whether or not a date for taking action in the cause was at any time fixed by the court.   Nothing is shown to have been done at the February term after the complaint was filed but on the fourth judicial day of the May term appellees filed a demurrer to the complaint.   A term of court in Switzerland county lasts only three weeks, and the May term is followed by sixteen weeks of vacation.   §1461

Burns 1914, Acts 1901 p. 297.   On Friday of the second week of this term (eight days after the demurrer was filed), the demurrer to the complaint was withdrawn by leave of court, and an answer was filed by appellees; and the record recites that the plaintiffs (appellants) and their Indianapolis attorneys were each and all called, but made default, and thereupon, "this cause, being at issue upon the complaint and answer is now submitted to the court for trial, finding, order, judgment and decree; and the court, having heard the evidence and being advised, finds for the defendants upon all the issues embraced in said cause, and that the plaintiffs should take nothing;" and judgment was entered for the defendants "on all the issues embraced in this cause," and for costs, and that the temporary restraining order be set aside.

The following Monday (of the last week of the May term) appellants filed a motion to set aside the default and judgment and to reinstate the cause, on 1. the ground of surprise and excusable neglect, supported by an affidavit of one of the parties as follows: "That said cause was not set down for trial pursuant to law;" that a certain attorney of Vevay. had "looked at the record" at a time not stated, when "nothing was on file which would bring this cause at issue," and had sent a notice "in good faith" to the attorneys for plaintiffs, at Indianapolis, to be in court on the third Monday of the term, and that neither the plaintiffs nor their attorneys had received notice to appear at any time whatever, except the said notice; that the answer which put the cause at issue was not filed until the day the default was taken, and that plaintiffs were surprised by the action of the court in permitting the defendants to withdraw the demurrer without a ruling thereon.   Conclusions were also stated in the affidavit to the effect that plaintiffs had no reason to be-

lieve that a default would be taken against them on the day an answer. was filed, and that they "have a good and meritorious cause of action." But no facts were stated in the verified motion, either tending to support these conclusions or for any other purpose, except those recited above. And so far (if at all) as the language of the motion may mean that a setting of the case for trial was "not according to law," it states a mere-conclusion of law, and not a fact. *Temple* v. *State, ex rel.* (1916), 185 Ind. 139, 146, 113 N. E. 233.

The complaint was verified, and may possibly have been used as a supporting affidavit in presenting the motion. It alleged that an election had been held 2. on August 18, 1919, in the township of Posey and the town of Patriot, for the purpose of consolidating the schools of the town and township, and that, assuming to act under authority conferred by the result of that election as a joint school board for the township and town, the defendant trustees had hired a superintendent and teachers, janitors and drivers of trucks, and had purchased trucks for hauling the children to the consolidated schools, and had been expending the public money of the town and township for nearly six months (at the time the complaint was filed) in maintaining and operating such consolidated schools, and were continuing to do so and threatening to spend more of such funds for that purpose. It is presumed as against the pleader that these public officers performed their official duty, except so far as the allegations of the complaint state the contrary. *Brashear* v. *City of Madison* (1895), 142 Ind. 685, 686, 36 N. E. 252; *Falender* v. *Atkins* (1917), 186 Ind. 455, 457, 114 N. E. 965; *Wolfenberger* v. *Hubbard* (1915), 184 Ind. 25, 30, 110 N. E. 198; *Hitt* v. *Carr* (1921), 77 Ind. App. 488, 130 N. E. 1.

Therefore, we must presume that the township trustee and school board adopted a joint resolution declaring

their willingness to consolidate the schools in question, or that a petition signed by twenty-five voters of the town and twenty-five of the township outside was presented to them, and that they gave a notice for the prescribed period in the statutory manner of the time and place where the votes would be received, and named at least one voting place in the town and one in the township outside, and appointed persons to act as election officers, and that the election officers attended and received the ballots offered by persons entitled to vote, and duly canvassed the votes cast, and that a majority of all the votes were cast in favor of consolidating the schools, and that thereupon the schools were consolidated in accordance with the provisions of the statute, and were being operated pursuant to its provisions. The law required these things to be done, and neither the verified motion nor the complaint, even if it were used as a supporting affidavit, denied that they were done. §6482 *et seq.* Burns' Supp. 1921, Acts 1917 p. 61; §6482h *et seq.* Burns' Supp. 1921, Acts 1917 p. 545; See *Ehle, Trustee,* v. *State, ex rel.* (1922), 191 Ind. 502, 133 N. E. 748.

But the verified complaint alleged that (a) the school board did not copy into its record "the petition that was filed with them;" and (b) "did not prepare the form of notice for the election as provided by law;" (c) that "the votes for the first and second precinct were all received in the town of Patriot in one voting place, although the notice had stated that they would be received at the usual voting places in the Patriot precincts;" (d) that after the election the defendants did not adopt a resolution declaring the election carried in favor of the consolidation of the schools; nor (e) put into their official records any proof of the publication of notices of the election; and (f) that the person who served as marshall in one precinct was not ap-

pointed until the voting had actually begun and a man previously chosen had refused to serve, and that then a record entry was made that he had been appointed twenty-six days before; also that eleven more votes were cast in one precinct against consolidating the schools than the record shows.

If the statute was complied with in all other respects, and after notice had been given the voters attended at one polling place in the town and one outside, and the marshal who was first selected refused to serve and another was appointed who did serve, and if a clear majority voted in favor of consolidating the schools, and they were thereupon consolidated and operated for half of a winter term before this action was begun, the mere fact that a few irregularities occurred in preparing the notices, stating where the ballots would be received, nominating the election officers, recording the vote, and making up a record afterward of what had been done, would not render the consolidation of schools wholly void. Possibly the appellants might have had some remedy if they had sought it at the proper time in a proper manner. But they could only be entitled to an injunction in case the action of the board was a nullity, and the small irregularities alleged fall short of showing that the joint board of trustees was without jurisdiction. If it had jurisdiction, its acts done within such jurisdiction were not void. It does not clearly appear that the verified complaint was presented to the court, as part of the motion for relief from the default. But even if it was, it failed to state facts showing that appellants had a good and meritorious cause of action. We may assume that the evidence heard by the trial court, though received ex parte, convinced the trial judge that the plaintiffs had no right of action. And the general conclusion stated in the motion that they had a cause of action could not be construed to mean more than that

they had whatever cause of action the facts set out would give them. The motion was therefore insufficient in not showing appellants entitled to recover in the main action if relieved from the default.

The verified motion also failed to show diligence on the part of appellants and their attorneys. Their complaint was filed early in the year 1920, on the first day of the February term. Its declared purpose was to prevent the continuance of the schools in the way they had been organized during almost six months which had been elapsed since the election. Nothing further is shown to have been done at that term of court. It does not appear that plaintiffs obtained or even asked for a rule to answer the complaint. A demurrer having been filed to the complaint at the next term it does not appear that the papers were put into the hands of the judge, or a memorandum of authorities in opposition to the demurrer handed to him, or anything whatever done to speed the cause. The second week of the May term of three weeks was drawing to a close. Before the beginning of the next term, in September, the semiannual distribution of money for the support of schools in the town and township the following year must be made. Taxes must be levied for use by the schools the year after. Teachers, superintendent and drivers of trucks must be employed. Supplies must be purchased. It is not unfair to assume that the consolidated schools would be actually in session when court should again convene, on the second Monday in September, unless prevented or delayed by the pendency of this action, or by a judgment recovered by the plaintiffs.

And if all this could not be done under the law for consolidating schools, then it must be done by one of the defendants on behalf of the school township of which he was trustee, and by the other defendants on behalf of the school town.

It was the duty of the judge to call the causes for making up issues, and to make up a calendar for the trial of causes. §§409, 411 Burns 1914, §§400, 402 R. S. 1881.

There is no suggestion that appellants or their attorneys had ever communicated with the judge or opposing counsel, or that he or they knew that the attorneys representing appellants were expecting a local attorney to send them notices, or expected to be at Vevay any time during the term.

We could not say that the trial judge, when confronted with this state of facts, abused his discretion in hearing evidence and disposing of the cause in the absence of the plaintiffs (appellants) and their attorneys, or in refusing to set aside the default and judgment and reinstate the action after he had done so, even if facts sufficient, *prima facie,* to constitute a cause of action had been stated in the verified complaint and motion.

The doing by public officers of official acts apparently necessary to keep the schools in operation may not be enjoined by those who have failed to be diligent and vigilant. The public interest required that such an action as this should be pushed to a conclusion before the beginning of another school year, if active diligence on the part of the plaintiffs could accomplish that result. And nothing whatever is shown to have been done or attempted by them from the first day of the February term until near the end of the May term, except to receive a report at some time not stated, after the fourth day of the May term, that the defendant had filed a demurrer and the court had not yet ruled on it. If they did exercise greater diligence, or if any other reason existed why they were entitled to greater consideration than they received, the facts relied on should have been recited in the affidavits filed in support of their motion. On appeal from a judgment overruling

appellants' motion to set aside the default and judgment we can consider only the language of the verified motion and supporting affidavits.

The judgment is affirmed.