MCCULLOUGH ET AL. *v.* KETCHUM ET AL.

[No. 20,317. Filed March 30, 1965.]

.Nelson G. Grills, of Indianapolis, for appellant. .

Rex E. Poe, Robert D. Risch, Robert D. McCord and Ice, Miller, Donadio & Ryan, of counsel, of Indianapolis, and K. Parker Vosloh, of Bloomfield, for appellees.

MOTE, J.—This appeal emanates from the Circuit Court of Sullivan County, Indiana. It first .was addressed to the Supreme Court which on December 14, 1964, ordered the appeal transferred to this Court, on the basis that jurisdiction of said appeal vests in this Court.

By the transfer to this Court we must assume either that the constitutional validity of Chapter 238 of the Acts of the Indiana General Assembly of 1963  is not involved, or that its constitutional validity is not properly presented herein. Said Act with its title is as follows:

"AN ACT legalizing proceedings for the formation of school corporations.

*Be it enacted by the General Assembly of the State of Indiana:*

SECTION 1. In all instances where proceedings for the creation of a school corporation have been had in good faith with the intent to act

under the authority of any statute authorizing the creation of a school corporation and as a result thereof and pursuant thereto, a governing body has been organized and is acting in the management and administration of the public schools in the territory involved in said school corporation and has after due notice and public hearing adopted a budget, tax levy and tax rate, which tax rate has been finally approved by the appropriate county or state board, all proceedings had for the creation of said school corporation and all actions by said governing body are hereby legalized, and said school corporation and governing body shall be deemed for all purposes to have been legally established and created; provided, however, that this act shall not apply to any proceedings, school corporation, or governing body thereof, the validity or legality of which was being litigated on February 1, 1963."

The record indicates that appellant began an action on February 20, 1963, in the Clay Circuit Court, later venued to the Sullivan Circuit Court, with the filing of a verified petition for an injunction to enjoin the members of the Metropolitan Board of Education and the Metropolitan School District of Shakamak, Indiana, from engaging in any of the acts necessary to provide for the construction of a new school building until the Board of Commissioners of Clay County caused, with the Board of Commissioners of Greene County, Indiana, the division of the Metropolitan School Corporation into three board member districts, approximately equal in population. The petitioners were residents and taxpayers of Lewis Township, Clay County, Indiana, and, succinctly stated, the petitioners contend that the Board of Commissioners of Clay County, in which Lewis Township is situate, were not provided with the opportunity to participate in dividing the Metropolitan School District into three member school districts approximately equal in population.

Appellees, among other things, relied upon the above quoted Act of the Indiana General Assembly in their defense.

Although it was the statutory duty of the Board of Commissioners of Clay County, Indiana, along with the Board of Commissioners of Greene County, Indiana, to take affirmative steps in the division of the Shakamak Metropolitan School Corporation into three board member districts approximately equal in population, the said Board of Commissioners of Clay County failed to do so. However, the Board of Commissioners of Greene County, Indiana, did so and by resolution adopted by it, the districts were established as consisting of Lewis Township, Clay County, Indiana; Wright Township, Greene County, Indiana; and City of Jasonville, Indiana, all three of which theretofore had been separate school districts. The record reveals also that in pursuance of Chapter 226 of the Acts of the Indiana General Assembly of 1949, as amended by Chapter 261 of the Acts of the Indiana General Assembly of 1959, and all acts amendatory thereof and supplemental thereto, and on April 10, 1961, the three separate school districts, as mentioned above, duly adopted a resolution for the merger of the three districts and due notice of such adoption was published. Protest petitions were filed in both counties and a referendum was had under the direction of the respective county election boards. The Greene County voters approved the action theretofore taken by a vote of 1,779 *for* and 168 *against* and the voters of said Lewis Township in Clay County approved by a vote of 366 *for* and 238 voters *against*. On August 30, 1961, an interim or temporary school board and the Board of Education met, organized and by a majority vote adopted the name of Metropolitan School District of Shakamak, Indiana, and assumed the con-

trol and administration of the school and said Metropolitan School District. By resolution of the Board of Commissioners of Greene County, board member districts were created as follows: *Number One.* Lewis Township of Clay County, Indiana. *Number Two.* City of Jasonville of Greene County, Indiana. *Number Three.* Wright Township of Greene County, Indiana. Provision was made for five (5) board members, two (2) from District No. 1, one (1) from District No. 2, and two (2) from District No. 3.

Following the provisions of §28-2448, Burns' Revised Statutes Annotated, a primary election was held on May 8, 1962, the same being the last primary election held more than sixty (60) days after the creation of said Metropolitan School District, and notices of such election were duly given and published. The school board members were elected and took their office and are now serving as such. The Board so organized and at the time of the petition filed below, and so far as permitted by the Court, is now acting in the management and administration of the public schools in the said District and has, pursuant to due notice and public hearing, adopted a budget, tax levy and tax rate, which tax rate has been finally approved by the appropriate county and state boards. The budget has been duly adopted and approved.

The trial court, on the issues and evidence heard, found for the appellees and against appellants and denied appellants' petition and prayer for an injunction.

Appellants argue simply that the said Act of 1963 which we have quoted in its entirety is not valid; hence, it was not lawful for the trial court to rely upon it.

We believe we have set forth as succinctly as we

reasonably can what the issues were below. Since we assume that there is no constitutional question involved in relation to the said Act of the Indiana General Assembly of 1963, above set forth, our problem for solution is fairly simple. Giving further weight to the above cited Act, we find, hold and decide that if there were any defects in the establishment of the school board districts, namely in the failure of the Board of Commissioners of Clay County to perform its statutory duty, said defect, if any, has been cured by the said Act of 1963. Appellants' contentions are therefore not sustained.

There is also presented in this appeal a question of laches on the part of appellants in that they slept upon their rights, if any, in respect to their failure to bring an action at the time of the election of the Board and their assumption of their duties. In view of the decision reached, we regard as unnecessary any comments upon this matter, thus to serve only to lengthen this opinion.

Judgment affirmed.

Bierly, P. J., Carson, Martin, Prime, JJ., concur.

Faulconer, C. J., concurs in result.

Hunter, J., concurs with separate opinion.

Smith, J., not participating.

NOTE.—Reported in 205 N. E. 2d 559.

### CONCURRING IN THE RESULT.

HUNTER, J.—The order of transfer of this cause from the Supreme Court to the Appellate Court states in part as follows:

"This Court . . : finds that the jurisdiction of this appeal is not in the Supreme Court but in the Appellate Court of the State of Indiana."

It should be noted therefore that the Supreme Court has not discussed in any direct manner the question of the constitutionality of ch. 238 of the Acts of the Indiana General Assembly of 1963.

It would seem that in the main opinion this court has directly assumed or inferred the validity of the statute in question for the reason that the opinion affirms the judgment of the trial court solely on the basis of said statute. It is not necessary for this court to apply the statute to the facts in this case and indeed the statute should not be applied.*

It is my opinion that there is a serious question of laches of the appellants presented by this appeal and the time to have questioned the legality and the propriety of the creation of the school districts and the election of the board members respective thereof was at sometime prior to the Primary Election which was held on May 8, 1962. No action was taken to enjoin the holding of said election and it wasn't until approximately nine (9) months after said election and after the elected school board had decided that a building program was necessary in the Metropolitan School District of Shakamak that an action was brought by the appellants to enjoin the elected board members from engaging in the acts necessary for the construction of a new school building. It has been held by the Supreme Court of Indiana that:

> "The doing by public officers of official acts apparently necessary to keep the schools in operation may not be enjoined by those who have failed to be diligent and vigilant." *Gibson* v. *Searcy* (1922), 192 Ind. 515, 523, 137 N. E. 182, 185. See also *State ex rel. Harris, etc.* v. *Mutsch-*

---

*Ch. 238 was approved March 12, 1963. The instant action was commenced February 20, 1963. The Act attempts to preclude any action such as this commenced after February 1, 1963, which date was forty (40) days before the effective date of the Act.

*ler, et al.* (1953), 232 Ind. 580, 588, 115 N. E. 2d 206.

I therefore would affirm the judgment of the trial court on the principle that the appellants were guilty of laches in the pursuance of their remedy.

NOTE.—Reported in 205 N. E. 2d 559.

