## BATEMAN v. BACKUS.

1. LIS PENDENS—ATTACHMENT—PRIOR UNRECORDED CONVEYANCE.

      An unrecorded deed executed and delivered prior to, but not recorded till after the filing of a *lis pendens* in attachment proceedings, conveys a title superior to that obtained by the purchaser at the execution sale under the attachment.

Filed May 14, 1887.

Appeal from the district court of Morton county.

The facts are stated in the opinion of the court.

*E. C. Rice,* for the defendant and appellant.

As I understand the law it is well settled that an unrecorded deed takes preference over an attachment, for the reason among others that an attaching creditor cannot get any better title or interest in property than the person against whom the warrant of attachment runs, and another that an equitable title takes preference over a mere legal one. Drake on Att. Sec. 234; Story v. Black, 1 Pac. Rep. 10 (Mont.); Chumasero v. Vial, 3 Mont. 376; Brown v. Pierce, 7 Wall. 218; *In re* Howe, 1 Paige Ch. 128; Ellis v. Towsley, Id. 283; White v. Carpenter, 2 Id. 219; Lounsbury v. Purdy, 11 Barb. 494; Strong v. Smith, 3 McLean, 363; Mason v. Wallace, Id. 148; Lake v. Doud, 10 Ohio, 515; 7 Ohio, 21; Savery v. Browning, 10 Iowa, 248; Lamont v. Cheshire, 65 N. Y. 30; Harrall v. Gray, 4 N. W. 1042, (Neb.); Mansfield v. Gregory, 8 Neb. 432; 2 Minn. 264; 14 Mo. 170; 62 Mo. 491.

*John E. Carland,* for respondent.

The weight of authority fully sustains the proposition that an attaching creditor, without notice, will have priority over an unrecorded conveyance. Waples on Att. 501; Sigourney v. Larned, 10 Pick. 72; Stern v. O'Connell, 35 N. Y. 109; Warner v. Trow, 36 Wis. 200.

FRANCIS, J. This case comes up on appeal from the Sixth judicial district, and was tried to the court without a jury, the court making findings of fact and conclusions of law.

Marcus Bateman, the respondent, October 22, 1881, duly commenced an action for the recovery of money against DeWitt

v. 4 DAK. —28

C. Clark, in the district court for the county of Morton, Dakota Territory, then in the Third judicial district.

The property in dispute in this action was on that day attached, and also on that day a notice of *lis pendens* was filed. May 27, 1882, a judgment was rendered in said action in favor of the plaintiff therein, upon which judgment an execution issued and levy was made upon the property in dispute, and said property was sold thereunder at sheriff's sale to Marcus Bateman the plaintiff and respondent in the present action. After the year for redemption had expired, said Bateman procured the usual sheriff's deed and commenced this action to test the conflicting claim of said Anson Backus to said real estate; the plaintiff in his complaint alleging that said Backus was a subsequent purchaser, after the filing of the notice of *lis pendens*, with notice, and further alleging that, if said Anson Backus was not a subsequent purchaser, the deed of conveyance from one Dewitt C. Clark to him, under which he claimed title to said property, was fraudulent and void and without any consideration whatever, and was given with intent to defraud his (Clark's) creditors; said Backus claiming in his answer that he purchased the property, in question, from said Dewitt C. Clark, October 20, 1881, receiving therefor from said Clark, and his wife, a good and sufficient warranty deed for the same; that said deed was recorded October 24, 1881, in the office of the register of deeds of Morton county, Dakota Territory; that he at once took possession of said property, and is still the owner and entitled to the possession thereof; that at the time said property was attached in the suit of said Marcus Bateman against said Dewitt C. Clark, said Clark had no interest whatever therein, and that he, said Backus, purchased said property in good faith, with no intention to aid said Clark in swindling, cheating or defrauding said plaintiff, or any other of the creditors of said Clark.

No evidence of fraud was presented to the court, and that branch of the case was abandoned.

The judge of the district court, before whom the case was tried, in view of the fact that the proceedings brought in issue

were the proceedings in a court of equal jurisdiction, and were
attacked collaterally, held said proceedings as valid for the
purposes of the action before him, and, September 25, 1886, ren-
dered judgment in favor of said Marcus Bateman and against
the defendants, Anson Backus and Frank P. Roby, leaving the
final adjudication of the validity of the original action, and pro-
ceedings, in the Third judicial district, for this court on ap-
peal.

The case now before us turns upon the application and ef-
fect of the following provisions of Section 101 of the Code of
Civil Procedure: ' In an action effecting the title to real prop-
erty the plaintiff at the time of filing the complaint, or at any
time afterwards, or whenever a warrant of attachment of prop-
erty shall be issued, or at any time afterwards, the plaintiff, or
a defendant when he sets up an affirmative cause of action in
his answer, and demands substantial relief, at the time of the
filing of his answer or at any time afterwards, if the same be
intended to affect real property, may file with the register of
deeds of each county in which the real property is situated, a
notice of the pendancy of the action, containing the names of
the parties, the object of the action, and the description of the
real property in the county affected thereby; but if the action
be for the foreclosure of a mortgage, no such notice need be
filed. From the time of the filing only shall the pendancy of
the action be constructive notice to a purchaser or incum-
brancer of the property affected thereby; and every person
whose conveyance or incumbrance is subsequently executed, or
subsequently recorded, shall be deemed a subsequent purchaser
or incumbrancer, and shall be bound by all proceedings taken
after the filing of such notice to the same extent as if he were
a party to the action."

It clearly appears from the record before us, that the orig-
inal action of Marcus Bateman against Dewitt C. Clark, was
begun October 22, 1881, and that on the same day an attach-
ment was issued in said action by virtue of which the sheriff
on said 22d day of October, attached all the right, title, and in-
terest of the said Dewitt C. Clark in and to the real estate in

controversy in this action; that also on the 22d day of October, 1881, there was filed a notice of *lis pendens*, giving notice of the pendency of said original action, and describing the said real estate; and that in said original action judgment was rendered in favor of the plaintiff and against the defendant, May 27, 1882, and that the property described in said notice of *lis pendens* as lots numbered eight (8) and nine (9) in block numbered seven (7), in the town of Mandan, Morton county, Dakota Territory, was purchased by the said Anson Backus from said Dewitt C. Clark, October 20, 1881, in Adrian, Michigan. That the warranty deed for the same, bearing date October 20, 1881, was, on that day, delivered to said Backus, and was recorded, October 24, 1881, in the office of the register of deeds in and for said Morton county, Dakota Territory, where the property was situated.

Dewitt C. Clark, then, when the said notice of *lis pendens* was filed, had no interest in said real estate which could be effected by said notice of *lis pendens*, filed in said action against him, or be reached by execution issued upon the judgment rendered therein, and the lower court, in deciding the present action, erred in holding that the said Marcus Bateman, a subsequent attaching creditor, obtained priority over the conveyance executed and delivered, to said Anson Backus, prior to, but recorded subsequent to the levy of the attachment and the filing of the notice of *lis pendens* by said Bateman.

In New York, in 1875, in the case of Lamont v. Cheshire, 65 N. Y. 30, in construing a statute substantially like said Section 101 of our Code of Civil Procedure, Dwight, commissioner, said: "It has been seen in the course of this discussion, that the theory of a *lis pendens* is that there must be no innovation in the proceedings, so as to prejudice the rights of the plaintiff. It is simply a rule to give effect to the rights ultimately established by the decree. Applying this doctrine to the present case, it would be impossible to claim that a *lis pendens* could give a creditor under an attachment a lien superior to the title of a purchaser under an unrecorded conveyance. The statute distinctly provides that a person whose conveyance is executed

or recorded subsequent to the filing of a notice shall be deemed a subsequent purchaser, and bound by the proceedings to the same extent as if he were a party to the action.   It is necessary to ascertain, therefore, what would have been the effect if the defendants had been made parties to the action.   Had the plaintiff made the defendants partis to the action, his attachment proceedings would, of course, have been nugatory.   As soon as the whole case had been disclosed, it would have appeared that he was making a claim against a person who was in no respect liable to him, and his complaint would have been dismissed.   How can he, under the statute, have any greater claim by omitting him?   The words, "to the same extent as if he were a party to the action," cannot be omitted in the construction."

Applying these and other views expressed by commissioner Dwight, in said case of Lamont v. Cheshire, to the original action brought by said Bateman against said Clark, we find that had said Anson Backus been made a party to, or defendant in, said original action, the plaintiff, Bateman, could not have gained any priority of lien, title or right, upon or in the property in question, by virtue of his attachment or *lis pendens*, over the deed for said property executed and delivered to said Backus prior to, but recorded subsequent to the levy under said attachment and the filing of said notice of *lis pendens*, as, upon a disclosure of the facts as they now appear in the present action, the said Backus would not have been bound or affected by said levy under said attachment nor by said notice of *lis pendens*, his purchase of the property and the conveyance to him, in good faith, by a sufficient deed, made, executed and delivered, prior to said levy under said attachment, and prior to the filing of said notice of *lis pendens*, having placed the property beyond the reach or effect of said levy or filed notice.

When the property was levied upon as the property of said Dewitt C. Clark, in the action against him, and when the notice of *lis pendens* was, so to speak, filed upon said property as the property of said Clark, it was, in law and in fact (no fraud appearing in the transaction, and no notice to either Backus or Clark

actual or constructive) not his property, but had passed from him by a valid and complete conveyance, and was the property of said Backus.

The case of Lamont v. Cheshire, from which I have already quoted, so fully covers the facts, points and law of the case at bar, that it is not profitable nor is it necessary, to further extend this opinion.

The judgment of the district court is reversed, and judgment ordered to be entered therein dismissing the complaint.

The same judgment and order is made in the case of Marcus Bateman, respondent, v. Anson Backus, William L. Gibson, *et al.* appellants; and also in the case of Marcus Bateman, respondent, v. Anson Backus, William S. DeGraff, and Irving C. DeGraff, co-partners, as DeGraff & Son, appellants.

All the justices concurring.