PHILIP J. YOUNG, and John C. Young, Respondents, v. SALZER LUMBER COMPANY, a Corporation, Appellant.

(204 N. W. 8.)

**Attachment —creditor's lien attaches only to interest of defendant in land at time of attachment, where record title is vested in another.**

Following the rule adopted in Crosson v. Kartowitz, 43 N. D. 466, construing § 5594, Comp. Laws, 1913, it is held that an attaching creditor's lien attaches only to the interest of the defendant in the land at the time of the attachment where, at such time, the record title to the premises is vested in another person.

Opinion filed May 25, 1925.

Attachment, 6 C. J. § 524 p. 274 n. 82. Courts, 15 C. J. § 306 p. 919 n. 1.

Appeal from the District Court of Dickey County, North Dakota, *Wolfe, J.*

Affirmed.

*F. J. Graham,* for appellant.

*E. E. Cassels,* for respondents.

JOHNSON, J. This is an action to quiet title to real property in Dickey County. The plaintiffs allege that they are the owners of the land described in the complaint and base their claim upon a warranty deed from their sister, Caroline Young.

One Christopher Young died intestate on or about May 15, 1922. At the time of his death, he was the record owner of all the real property involved in this action. Caroline Young is one of the children of the decedent and was entitled to $\frac{1}{12}$ interest in and to all of the real property involved herein. The plaintiffs, Philip and John Young, are brothers of Caroline Young, and sons of the decedent. On November 1, 1923, Caroline Young by deed conveyed all her interest in the real property belonging to the estate of Christopher Young, to her brothers, plaintiffs in this action; this instrument was filed for record on December 8, 1923, at 5:25 p. m. in the office of the Register of Deeds of Dickey county. The estate of Christopher Young was probated in the county court of Dickey county, and on January 16, 1924, a final decree of distribution was duly made and entered by the county court and on the same day a certified copy thereof was filed for record. In the decree of distribution it is recited that "the said respondent Caroline Young, daughter of said deceased, having assigned and conveyed to Philip J. Young and John C. Young, all of her interest, right and title in and to the real estate and personal property belonging to the estate of Christopher Young deceased." It appears that title to the land involved in this proceeding, or any part thereof, did not at any time appear upon the public records in the name of Caroline Young.

On or about November 6, 1923, the defendant company commenced an action against Caroline Young and her husband which, on December 8, 1923, at 3:30 o'clock p. m. culminated in a judgment of record against them in the sum of $585.12. On January 14, 1924, an execution was issued upon the judgment aforesaid and levy thereunder was made on January 22, 1924 upon the interest of Caroline Young in the real property involved in the present action. The defendant company became the purchaser at the sheriff's sale and a sheriff's certificate was in due course executed to the purchaser and filed in the office of the Register of Deeds.

It will be noticed that the judgment obtained by the defendant company, against Caroline Young, was filed on December 8, 1923, at

3 : 30 o'clock, p. m., whereas the deed from Caroline Young, convey-
ing the property here in suit, was filed for record on the same date,
but at the hour of 5 : 25 p. m., approximately two hours later.

The court concluded that the judgment of the defendant company
was not within the protection of the recording acts and held that the
plaintiffs were entitled to a decree. It was, of course, contended by
the plaintiffs that the sheriff's certificate of sale constitutes a cloud
upon the plaintiff's title to the land. A judgment was entered quieting
title in the plaintiffs and vacating the notice of levy of execution in
the case of the defendant against Caroline Young, and directing that
the sheriff's certificate of sale be in all things vacated and set aside.
The defendant company appeals and asks a trial anew.

It is the contention of the defendant company that inasmuch as the
final decree of distribution and the Caroline Young deed were not
made and filed for record in the office of the Register of Deeds until
after a judgment had been entered in the district court of Dickey coun-
ty, therefore the lien of the judgment is, under the recording acts,
unaffected by the prior attempted conveyance from Caroline Young
to the plaintiffs. The plaintiffs contend that under the decision of
this court in Crosson v. Kartowitz, 43 N. D. 466, 175 N. W. 868, the
defendant company was not within the protection of the recording
laws, for the reason that the title to the property involved stood in the
name of Christopher Young upon the public records. The defendant
concedes that the rule adopted by this court in that case, if adhered
to, is conclusive against it and that the judgment must be affirmed.
Other errors are assigned, but we are convinced that they are without
merit. It is insisted that the decision in the Crosson case is not sound
and should be repudiated.

The doctrine of stare decisis has received constitutional and legis-
lative recognition in this state. Const. § 101; Comp. Laws, 1913, §
4328. Whatever might be the views of individual members of the
court, as now constituted, who either had no part in the decision of
Crosson v. Kartowitz, supra, or dissented therefrom, were the question
one of first impression, we are all agreed that no reasons have been
suggested, either in the brief or on the oral argument, why the doctrine
of stare decisis should not be given full effect on this appeal. The
question before the court, in the case now challenged, was one of statu-

tory construction; and the legislative enactment under consideration vitally concerned the business of transferring title to property. This court deliberately, though not unanimously, put an interpretation on the recording acts which ever since has been the law of this state, notwithstanding three sessions of the legislature have intervened. The reasons underlying this doctrine are cogently stated by Fearne (Contingent Remainders) as follows:

"If results and maxims of law were to ebb and flow with the taste of the judge, or to assume that shape which in his fancy best becomes the times; if the decisions of one case were not to be ruled by, or depend at all upon further determinations in other cases of like nature, I should be glad to know what person would venture to purchase an estate without first having the judgment of a court of justice respecting the identical title which he means to purchase? No reliance could be had upon precedents; former resolutions upon titles of the same kind could afford him no assurance at all. Nay, even a decision of a court of justice upon the very identical title might be again drawn into dispute; the taste and fashion of the times might be improved, and on that ground a future judge might hold himself at liberty (if not consider it his duty) to pay as little regard to the maxims and decisions of his predecessor as that predecessor did to the maxims and decisions of those who went before him."

We recognize the power of this court to correct, in a proper case, obvious errors in prior decisions. In what cases or circumstances this power should be exerted need not be discussed or decided.

The judgment is affirmed.

CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and NUESSLE, JJ., concur.