**In re Timothy D. RODEMEYER and Patricia Rodemeyer, Debtors.**

**Bankruptcy No. 88–00069M. Contested No. 68232.**

United States Bankruptcy Court, N.D. Iowa.

Jan. 25, 1989.

See also, Bkrtcy., 99 B.R. 416.

G.A. Cady, III, Hampton, Iowa, for debtors.

Jon P. Sullivan, Des Moines, Iowa, for Hampton State Bank.

Larry Eide, Mason City, Iowa, Trustee.

## ORDER RE: MOTION FOR RELIEF FROM AUTOMATIC STAY

WILLIAM L. EDMONDS, Bankruptcy Judge.

The matter before the court is a motion for relief from automatic stay filed by Hampton State Bank. A hearing was held on this motion on November 30, 1988 in Mason City, Iowa. This ruling shall constitute findings of fact and conclusions of law as required by Bankr.R. 7052. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

### FINDINGS OF FACT

The parties have stipulated to the following facts which this court now adopts as findings:

1. An order for relief under Chapter 7 of the Bankruptcy Code was entered on or about January 15, 1988, on a petition filed by debtors.

2. Bank holds a claim in this matter in the dollar amount of $77,056.71.

3. At the time of the filing of debtors' petition, there was pending in the Iowa District Court for Franklin County, in No. C–1401–0586, an application for reinstatement of a fraudulent conveyance action by Bank against the debtors, which action had been dismissed as of the 1st day of January, 1988, pursuant to Iowa Rule of Civil Procedure 215.1, notwithstanding that a trial date had been scheduled in said matter for January 26, 1988.

\* \* \* \* \* \*

5. The state court action, No. C–1401–0586, was originally filed on May 2, 1986.

6. The state court action, No. C–1401–0586, was indexed on the Franklin County lis pendens index on May 2, 1986.

7. True and accurate copies of the depositions of Dean Rodemeyer and Timothy Rodemeyer which were taken in Franklin County No. C–1401–0586 are attached hereto, respectively, as Exhibits 4 and 5, and are made a part hereof by this reference.

8. Due to the filing of the debtors' petition in this matter, the debtors have contended that the Bank has been stayed from obtaining a ruling on its still pending application for reinstatement of Franklin County No. C–1401–0586.

9. Bank has now filed a second fraudulent convenyance (sic) action in this matter, as Adversary No. X–88–0116M, virtually identical to that stated in Franklin County No. C–1401–0586.

10. A certain defendant to Adversary No. X–88–0116M, specifically, Larry Eide as trustee in the bankruptcy of Dean and Ellen Rodemeyer, has taken the position that his interest in the subject premises is prior and superior to that of Bank's, at least unless and until Franklin County No. C–1401–0586 is reinstated.

11. Dean and Ellen Rodemeyer filed their voluntary Chapter 7 bankruptcy petition on May 5, 1987, Bankr. No. 87–01087M in the Northern District of Iowa,....

12. That Larry S. Eide was duly appointed trustee in the Dean and Ellen Rodemeyer bankruptcy,....

13. That the Dean and Ellen Rodemeyer bankruptcy is still pending at this time and that Larry S. Eide still remains the duly appointed and acting trustee thereof.

14. That the Hampton State Bank was a duly listed creditor in the Dean and Ellen Rodemeyer bankruptcy.

15. That the Hampton State Bank had no security for its claim in the Dean and Ellen Rodemeyer bankruptcy other

than whatever lien Hampton State Bank may have had by virtue of its lis pendens status in the state court proceeding, No. C–1401–0586, pending in the Franklin County District Court entitled Hampton State Bank vs. Dean C. Rodemeyer, et al.

16. As of the date of this stipulation, the Franklin County District Court has not ruled or otherwise disposed of the Bank's application to reinstate Franklin County No. C–1401–0586.

17. In addition, the court finds that Bank's state court action sought as a remedy the setting aside of the deeds from Dean and Ellen Rodemeyer to Timothy and Patricia Rodemeyer.

## DISCUSSION

The Hampton State Bank (BANK) seeks relief from the stay of 11 U.S.C. § 362 in order to pursue reinstatement of a state court fraudulent conveyance action which had been dismissed for lack of prosecution shortly before this bankruptcy case was filed. Bank puts forth three arguments in support of its motion for relief from stay:

1. That Bank, by virtue of the lis pendens indexing of its state court fraudulent conveyance action, has a perfected lien against the property in question which is enforceable against the trustee;

2. That even if the Bank does not have a "perfected" lien, the stay should not prevent it from perfecting because of the exceptions provided in 11 U.S.C. §§ 362(b)(3) and 546(b); and

3. That even if Bank does not have a perfected lien, it has a contingent interest which under state law has priority over the interest of the trustee of the Dean and Ellen Rodemeyer case.

## I. PERFECTED LIEN ARGUMENT

Bank contends that it has a perfected lien against the subject premises as of the filing date of the state court action and therefore is entitled to relief from the automatic stay. Pursuant to 11 U.S.C. § 362(a)(1), the filing of a petition operates as a stay of the commencement or continuation of a judicial action or proceeding against the debtor that was commenced before the commencement of the case under this title, or to recover a claim against a debtor that arose before the commencement of the case under this title. It also operates as a stay against the creation, perfection or enforcement of a lien against property of the estate (§ 362(a)(4)) and against acts to obtain possession of property of the estate (§ 362(a)(3)).

■ Bank argues that it acquired a perfected lien against the subject premises when it indexed its state court action on the Iowa district court's lis pendens docket on May 2, 1986.

In Iowa, the indexing of a pending action against real estate is provided for in Iowa Code §§ 617.10 and 617.11. Section 617.10 provides:

When a petition affecting real estate is filed, the clerk of the district court where filed shall forthwith index same in an index book to be provided therefor, under the tract number which describes the property, entering in each instance the cause number as a guide to the record of court proceedings which affect such real estate. If the petition be amended to include other parties or other lands, same shall be similarly indexed. When the cause is finally determined the result shall be indicated in said book wherever indexed.

Section 617.11 of Iowa Code says:

When so indexed said action shall be considered pending so as to charge all third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's rights.

This court can find no reported case which holds that in Iowa, Code § 617.11 creates an encumbrance or lien upon real property.

The lis pendens is a warning. Its purpose is to warn those who deal with real property while it is in litigation; they are charged with notice of the rights of the parties and take subject to the outcome of the litigation. *Moser v. Thorp Sales Corp.,*

256 N.W.2d 900, 911 (Iowa 1977), *r'hg.* denied 1977; *Wagner v. Wagner,* 249 Iowa 1310, 90 N.W.2d 758, 763 (1958).

Said in another way, "[t]he purpose of the rule as to lis pendens is to prevent third persons, during the pendency of the litigation, from acquiring interests in the land which would preclude the court from granting the relief sought." *Hadley v. Corey,* 137 Neb. 204, 288 N.W. 826, 832 (1939).

Courts in interpreting the effect of lis pendens statutes of other states have held that lis pendens does not create a lien or serve as an encumbrance on real property. *Kensington Development Corp. v. Israel,* 142 Wis.2d 894, 419 N.W.2d 241, 245 (1988); *In re Kodo Properties, Inc.,* 63 B.R. 588, 589 (Bankr.E.D.N.Y.1986); *In re Miller,* 39 B.R. 145, 147 (Bankr.W.D.Mo.1984); and *McKenzie County v. Kasady,* 55 N.D. 475, 214 N.W. 461, 465 (N.D.1927).

Other courts may differ. *See Union Planters National Bank v. Bell (In re Bell),* 55 B.R. 246, 249 (Bankr.N.D.Tenn. 1985). But there the statute provided that the lis pendens was a lien.

Iowa Code §§ 617.10 and 617.11 do not provide for the creation of a lien.

Moreover, other Iowa statutes provide for creation of a judicial lien against real property. Iowa Code § 624.23 provides in pertinent part as follows:

(1) Judgments in the appellate or district courts of this state, or in the circuit or district court of the United States within the state, are liens upon the real estate owned by the defendant at the time of such rendition, and also upon all the defendant may subsequently acquire, for the period of ten years from the date of the judgment.

Iowa Code § 624.24 determines when a judgment lien attaches to real estate:

When the real estate lies in the county wherein the judgment of the district of this state or of the circuit or district courts of the United States was entered in the judgment docket and lien index kept by the clerk of the court having jurisdiction, the lien shall attach from the date of such entry of judgment, but if in another it will not attach until an attested copy of the judgment is filed in the office of the clerk of the district court of the county in which the real estate lies.

The court therefore concludes that the Bank's obtaining of a lis pendens indexing on May 2, 1986 as a result of its filing of an action in the Iowa District Court did not create a lien upon the property previously transferred by Dean and Ellen Rodemeyer to Timothy and Patricia Rodemeyer.

## II. RELATION BACK ARGUMENT OR RIGHT TO PERFECT UNDER 11 U.S.C. § 362(b)(3)

Alternatively, the Bank argues that the reinstatement of the state court action should be excepted from the stay by 11 U.S.C. § 362(b)(3).

This court does not see how the reinstatement of the state court fraudulent conveyance action would result in perfection and therefore be excepted from the automatic stay provisions pursuant to 11 U.S.C. § 362(b)(3). Section 362(b)(3) states that:

The filing of a petition under § 301 ..., does not operate as a stay ...

(3) under subsection (a) of this section, of any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under § 546(b) of this title....

Therefore, a creditor may take steps to perfect an interest in property to the extent that the trustee's rights and powers are subject to perfection under § 546(b) without the necessity of obtaining relief from the automatic stay.

Section 546(b) of Title 11 states:

The rights and powers of a trustee under §§ 544, 545 and 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection....

This court does not believe that the Iowa lis pendens statute is such a "generally applicable law." The lis pendens statute is intended to charge all third persons with

notice of the pendency of an action upon certain real estate.

■ Obtaining judgment in an action in which a lis pendens notice has been filed is not an act of perfection which relates back to the filing date of the lis pendens. The effective date of the judgment is still determined by Iowa Code §§ 624.23 and 624.24.

It is true that parties acquiring interest in the property after the lis pendens indexing would be bound by the outcome of the litigation. However, any lien obtained by the judgment creditor would still be created as of the date of judgment.

Further, while Bank makes an interesting argument as to the 11 U.S.C. §§ 362(b)(3) and 546(b) exceptions, it has glossed over the Bank's *interest* which would be protected under § 546(b) of the Code. Section 546(b) subjects the trustee's strong arm powers under § 544 to the perfection of interests in property if applicable law makes such perfection effective against entities who acquire rights in the property pre-perfection.

"The purpose of the subsection is to protect, in spite of the surprise intervention of bankruptcy petition, those whom State law protects by allowing them to perfect their liens or interests as of an effective date that is earlier than the date of perfection." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 371 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 86 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5872, 6327.

Bank fails to state how it was an interest holder at the time of the filing of the fraudulent conveyance suit. It was an unsecured creditor, and the remedy which it was seeking from the district court was the setting aside of the conveyance from Dean and Ellen Rodemeyer to Timothy and Patricia Rodemeyer. The pertinent inquiry is whether any generally applicable law permits perfection to "relate back" so as to defeat entities acquiring rights in the property prior to perfection.

"Because the trustee's power as intervening creditor is limited by the right under 'any generally applicable law' of an interest holder to perfect, the intervention of a petition under title 11 should not cut off an interest holder's opportunity to perfect when the interest holder could have perfected against an entity subsequently acquiring rights in the property if bankruptcy had not intervened." 4 COLLIER ON BANKRUPTCY § 546.03 at 546–12 (15th edition 1987).

The court concludes that the obtaining of a judgment on a suit to set aside a fraudulent conveyance does not perfect a lien with the perfection date relating back to the filing of the lis pendens, because the lis pendens filing serves only to bind subsequent parties dealing with the real estate by the outcome of the suit to set aside the conveyance.

The court agrees that the lis pendens filing effected by the Bank's fraudulent conveyance action could have the effect of binding the bankruptcy trustee in the Timothy and Patricia Rodemeyer bankruptcy to the outcome of the fraudulent conveyance suit. It does not necessarily follow, however, that the Bank should be able to continue the fraudulent conveyance suit as an act of perfection.

If obtaining judgment would not relate back, neither would reinstatement of the state court action. The court, therefore, concludes that the automatic stay is applicable to the continuation or reinstatement of the fraudulent conveyance suit by Bank and is not excepted from the stay under 11 U.S.C. §§ 362(b)(3) and 546(b).

### III. PRIORITY CONTINGENT INTEREST ARGUMENT

■ Since this court has determined that a motion by Bank for reinstatement of a state fraudulent conveyance action would not be excepted from the automatic stay under 11 U.S.C. § 362(b)(3), the court must determine whether the stay should be terminated for cause. The court may grant relief from the automatic stay for cause, including the lack of adequate protection of an interest in property of such party in interest. 11 U.S.C. § 362(d)(1).

Bank has not provided any evidence that the automatic stay should be lifted because of the lack of adequate protection. However, cause for lifting the automatic stay is not limited to the lack of adequate protec-

tion. *In re Chirillo,* 84 B.R. 120 (Bankr.N. D.Ill.1988). The person who requests relief from the automatic stay has the initial burden to establish "cause" that would warrant the entry of relief from the stay. In its motion for relief from the stay, Bank states, "If bank is not permitted to obtain a ruling on its application of reinstatement of Franklin County No. C–1401–0586, it may suffer irreparable injury, loss and damage." Bank has not provided any further evidence as to what injury, loss or damage it would specifically encounter if the stay were not modified or lifted.

It is possible that if Bank is not entitled to reinstate their state court action, the benefit of the lis pendens filing may be lost. However, Bank argues in its memorandum in support of its motion that the dismissal of the state court action under I.R.C.P. 215.1 does not affect the rights of the Bank under Iowa Code §§ 617.10 and 617.11. This may be true as I.R.C.P. 215.1 provides for reinstatement.

The court does not find it necessary to resolve Bank's argument that if it were permitted to reinstate the suit despite its January 1, 1988 dismissal, the lis pendens filing of May 2, 1986 would still be effective. The question before this court is whether Bank has shown cause to permit it to seek reinstatement of the suit.

It is Bank's argument that as a result of the filing of its fraudulent conveyance action, it acquired a lien against the premises enforceable against the trustee. For this position, it cites *Fordyce v. Hicks,* 76 Iowa 41, 44, 40 N.W. 79 (1888). It also cites *Fordyce v. Hicks* for the proposition that even were a third party to obtain the first judgment to set aside the conveyance, Bank as first filer of the fraudulent conveyance action (accompanied by the lis pendens) would still have priority in the proceeds of any property recovered.

This is an apparent argument that even though the trustee may have the right to bring a fraudulent conveyance action under state law pursuant to 11 U.S.C. § 544(b), and even if trustee would be successful, the trustee could do nothing to displace the priority obtained by Bank by its prior filing of a fraudulent conveyance suit. These,

however, are priority arguments as to the trustee in the Dean and Ellen Rodemeyer case. The court need not reach them here.

Before the court would grant relief to Bank in this case, it would need to be convinced that Bank had standing to pursue the fraudulent conveyance suit against the trustee in the Timothy and Patricia Rodemeyer case. The filing of the Dean and Ellen Rodemeyer bankruptcy displaced Bank as the appropriate plaintiff in a fraudulent conveyance suit which would seek recovery of property transferred by Dean and Ellen Rodemeyer.

Property fraudulently conveyed by a debtor remains property of his estate when he files bankruptcy. 11 U.S.C. § 541(a)(1). *Carlton v. Baww, Inc.,* 751 F.2d 781, 785 (5th Cir.1985). Therefore, after a bankruptcy has been filed by the transferor in a potentially fraudulent conveyance, his bankruptcy estate continues to have an interest in the property so transferred under 11 U.S.C. § 541, and the automatic stay of 11 U.S.C. § 362 prevents one of his creditors from continuing to pursue a fraudulent conveyance action. *Id.* at 785.

The right to pursue the action vests in the transferor's trustee. *Id.* at 785. The issue in this matter is standing. Since Bank is not the appropriate party to pursue the fraudulent conveyance action, it should not be granted relief from stay.

## IV.

Trustee in the Dean and Ellen Rodemeyer bankruptcy has not sought relief from the stay to pursue the fraudulent conveyance theory. He may decide to do so, seeking to intervene in the state court action originally brought by the bank given the possibility of reinstatement, or seeking to bring his own action in the Timothy and Patricia Rodemeyer bankruptcy case. If the trustee were to seek relief from the stay in order to pursue the fraudulent conveyance, this court would be inclined to grant such relief.

This court can only note that the statute of limitations is quickly approaching with regard to the trustee's taking action to avoid the conveyance. 11 U.S.C. § 546(a)(1).

If the trustee seeks such action and is successful in setting aside the conveyance either in state or federal court, the issues raised by Bank as to the effect of the lis pendens might still be valid issues on the question of priority between Bank and the Dean and Ellen Rodemeyer trustee. It would be premature, however, to discuss these issues at this time.

The court also notes that the same person is trustee in both the Dean and Ellen Rodemeyer and Timothy and Patricia Rodemeyer cases. The trustee should immediately take steps to cure that conflict of interest.

## CONCLUSION

Bank has no standing to pursue a fraudulent conveyance action against the estate of Timothy and Patricia Rodemeyer and accordingly its motion for relief from stay should be denied.

## ORDER

IT IS THEREFORE ORDERED that the Bank's motion for relief from stay is denied,

SO ORDERED.